Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, New York 10017
T. (212) 209-3933
F. (212) 209-7102
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERICO DANIEL, on behalf of himself, and others similarly situated, <br><br> Plaintiffs <br><br> -against- <br><br> TIME MOVING, INC., and TIME MOVING AND STORAGE, INC., and JAMES DOWSE, individually, <br><br> Defendants. | Case No. 16 Civ. 9612 <br><br> **FLSA COLLECTIVE ACTION COMPLAINT** <br><br> ECF CASE |

Plaintiff, Federico Daniel (hereinafter, "Plaintiff"), on behalf of himself, and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants Time Moving, Inc. and Time Moving and Storage, Inc., located at 628 West 45th Street, New York, New York, 10036 ("Time Moving"), and James Dowse, individually (collectively referred to as "Defendants"), and states as follows:

### INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (a) unpaid wages; (b) unpaid overtime compensation; (c) liquidated damages, (d) prejudgment and post-judgment interest; and (e) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (a) unpaid wages; (b) unpaid overtime compensation; (c) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (d) prejudgment and post-judgment interest; and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Kings County, in the City of New York.

6. Defendant Time Moving, Inc., is a business entity organized under the laws of the State of New York, with a primary business address of 628 West 45th Street, New York, New York 10036.

7. Defendant Time Moving and Storage, Inc., is a business entity organized under the laws of the State of New York, with a primary business address of 628 West 45th Street, New York, New York 10036.

8. Upon information and belief, defendants Time Moving, Inc., and Time Moving and Storage, jointly, employed Plaintiff as a moving coordinator stationed at the United Nations in New York City.

9. Time Moving, Inc., and Time Moving and Storage, Inc., operate as the largest commercial relocation service provider in the New York Metropolitan area.

10. Time Moving, Inc., and Time Moving and Storage, Inc., provided, and continue to provide, permanent on-site relocation services to the United Nations.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees lawfully earned wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

12. Upon information and belief, Defendant, James Dowse, is an official, officer, director and/or managing agent of Time Moving, Inc. and Time Moving and Storage, Inc., whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Time Moving, Inc. and Time Moving and Storage, Inc., and acted intentionally and maliciously and was plaintiff's "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Time Moving, Inc. and Time Moving and Storage, Inc.

13. Time Moving, Inc., is a wholly owned subsidiary of Time Moving and Storage, Inc.

14. The Corporate Defendants, Time Moving, Inc., and Time Moving and Storage, Inc., are joint-employers, pursuant to the FLSA and New York Labor Law.

15. Plaintiff was employed by Defendants, in New York County, New York in a clerical, laborer, and administrative support role with the title "supervisor", for almost forty (40) years.

16. Time Moving, Inc., provides relocation services to clients.

17. Upon information and belief, Time Moving, Inc., is a successor company to Time Moving and Storage, Inc., owned and operated through the same individual or corporate management, and employed plaintiff continuously, the late 1970s, through on or about October 17, 2016.

18. Upon information and belief, as successor, defendant Time Moving, Inc., acquired and has continued, without interruption or substantial change, the business operations of the predecessor corporate entity, and is liable for the debts and liabilities of its predecessor.

19. Defendant, James Dowse, exercised control over the terms and conditions of Plaintiff's employment in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

20. At all relevant times, Time Moving, Inc., and Time Moving and Storage, Inc., were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

21. Upon information and belief, at all times relevant to the allegations in this Complaint, the Defendants, both individually and jointly were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

22. During his employment with the Defendants, Plaintiff, Federico Daniel, worked in interstate commerce at the main offices of the United Nations.

23. During the most recent six years prior to filing this action, Defendants employed Plaintiff in New York County, New York to work as a non-exempt relocation coordinator on site at the United Nations.

24. The work performed by Plaintiff was directly essential to the business operated by Defendants.

25. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

26. In or about 1978, Defendants hired Plaintiff Federico Daniel to work as a non-exempt corporate relocation laborer.

27. Plaintiff Federico Daniel worked for the Defendants for four (4) decades, through October 17, 2016; during the most recent six (6) years, he coordinated the work of a team of corporate movers permanently stationed at the United Nations in Midtown Manhattan.

28. During the course of Plaintiff's employment by Defendants, he often worked over forty (40) hours per week.

29. Throughout most of his employment, Plaintiff worked 9:00 a.m. until 5:00 p.m., five (5) days a week for a total of approximately forty (40) hours each week; however, on many weeks, he worked greater than forty (4) hours.

30. For example, during the week beginning on August 11, 2016 through August 17, 2016, Federico Daniel worked forty-eight (48) hours, and was paid "straight time", at his regular hourly rate, for all hours.

31. Similarly, during the week beginning on September 22, 2016 through September 28, 2016, Federico Daniel worked fifty-seven and one-half (57 ½) hours, and was paid "straight time", at his regular hourly rate, for all hours.

32. During the six (6) years prior to filing this action, Plaintiff was paid by check, hourly, at the rate of twenty-one dollars ($21.00), for all hours worked, on a weekly basis.

33. Throughout his employment, Plaintiff did not receive overtime compensation; Defendants paid Plaintiff $21.00 per hour and failed to pay Plaintiff time and a half for time worked beyond forty (40) hours each workweek.

## GENERAL ALLEGATIONS

34. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

35. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff for work performed over forty (40) hours in a workweek.

36. Plaintiff was paid entirely by check and was provided with a wage statement of his weekly hours, his hourly rate calculation, and compensation.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings this action individually and as representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since December 2013 to the entry of judgment in this case (the "Collective Action Period"), who were not paid overtime compensation.

38. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than fifty (50) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

39. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

40. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a

practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

41. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

42. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendants failed to pay the Plaintiff and the Collective Action Members overtime compensation;

    c. Whether the Defendants' violations of the FLSA were willful as that term is used within the context of the FLSA; and,

    d. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

43. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

44. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

45. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "44" of this Complaint as if fully set forth herein.

46. At all relevant times, upon information and belief, the Corporate Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

48. Upon information and belief, at all relevant times, the Corporate Defendant had gross revenues in excess of $500,000.

49. Plaintiff and the collective action members were entitled to be paid for all hours worked and at the rate of time and one-half the minimum rate of pay for hours worked in excess of forty (40) each week.

50. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

...

51. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to pay overtime compensation, for hours worked when they knew or should have known such was due.

52. Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

53. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

54. As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

55. Due to the unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages, minimum wages, and overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

56. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

57. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime wages in the lawful amount for hours worked in excess of forty (40) hours per workweek.

60. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants his overtime wages; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1), *et al.*, and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

61. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "60" of this Complaint as if fully set forth herein.

62. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

63. Defendants willfully disregarded record keeping requirements of the New York Labor Law by failing to provide accurate and complete timesheets, payroll records, and wage notices.

64. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation, pursuant to 29 U.S.C. § 216;

(c) An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(d) An award of prejudgment and post-judgment interest;

(e) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(f) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
December 13, 2016

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile   (212) 209-7102

By: _____
Peter H. Cooper (PHC 4714)

## CONSENT TO BECOME A PARTY PLAINTIFF
## UNDER THE FAIR LABOR STANDARDS ACT

I, Federico Daniel, am an employee formerly employed by Time Moving and Storage, and/or related business entitie. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contract for Legal Services signed by the named plaintiffs in this case.

Dated: New York, New York
       December 13, 2016

_____
FEDERICO DANIEL